Filed 9/22/20  P. v. Chi CA2/6

Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MIGUEL ANGEL CHI,<br><br>    Defendant and Respondent. | 2d Crim. No. B283968<br>(Super. Ct. No. 2017008363)<br>(Ventura County)<br><br><br>OPINION FOLLOWING<br>TRANSFER FROM<br>SUPREME COURT |

The People appealed the trial court's order dismissing the three counts against Miguel Angel Chi for felony misuse of personal identifying information of another (Pen. Code, § 530.5, subd. (a)).[1]  After we affirmed the order, the California Supreme Court granted review.  (*People v. Chi* (May 29, 2018, B283968) [nonpub. opn.], review granted Aug. 8, 2018, S249660.)

---

[1] All statutory references are to the Penal Code.  Citations to Penal Code section 530.5, subdivision (a) shall appear as section 530.5(a).

Following its decision in a related case, *People v. Jimenez* (2020) 9 Cal.5th 53 (*Jimenez*), the Supreme Court transferred the matter back to this court with directions to vacate our prior opinion and to reconsider the cause in light of *Jimenez*. Having done so, we conclude *Jimenez* requires reversal of the trial court's order of dismissal. We therefore reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

On three occasions, Chi went into a commercial establishment during normal business hours and fraudulently used another person's credit cards to make purchases valued at $950 or less. Specifically, Chi used the cards to purchase $251.55 worth of merchandise from Kohl's, $578 worth of merchandise from Home Depot and some beverages from Stagecoach Liquor Store. The People filed a complaint charging Chi with three felony violations of section 530.5(a) for misuse of the victim's personal identifying information plus a misdemeanor count of receiving stolen property (§ 496, subd. (a)). (*People v. Chi, supra*, B283968.)

At the preliminary hearing, the magistrate declined to hold Chi to answer for the three section 530.5(a) charges. Relying primarily upon *People v. Gonzales* (2017) 2 Cal.5th 858 (*Gonzales*), the magistrate determined Chi's use of the credit cards was analogous to the fraudulent use of a check, and that the identity theft violations "under the case law as it stands . . . are not eligible to be charged as [section] 530.5 felonies." (*People v. Chi, supra*, B283968.)

The People rejected the magistrate's invitation to reduce the charges to misdemeanor shoplifting under section 459.5. Instead, they filed an information which again included the three felony section 530.5(a) counts. Chi moved to set aside the

information pursuant to section 995.  (*People v. Chi, supra*, B283968.)

Agreeing with the magistrate's analysis, the trial court granted Chi's motion over the People's objection.  (*People v. Chi, supra*, B283968.)  Chi pled guilty to the charge of receiving stolen property and was placed on conditional revocable release with 180 days in jail.  The sentence was deemed served.  The People appealed the order dismissing the three section 530.5(a) counts.  In our prior opinion, we agreed with the trial court's decision.  Based on our interpretation of then-existing precedent, we upheld the court's determination that Chi's section 530.5(a) offenses qualified as misdemeanor shoplifting, thereby entitling him to the requested relief.  (*People v. Chi, supra*, B283968.)

## DISCUSSION

Proposition 47, which was enacted in 2014, added section 459.5, which created the crime of shoplifting.  Section 459.5, subdivision (a) provides:  "Notwithstanding [s]ection 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).  Any other entry into a commercial establishment with intent to commit larceny is burglary."  Section 459.5, subdivision (b) expressly limits charging on shoplifting:  "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

The issue in *Jimenez* was "whether a felony conviction for misuse of personal identifying information under section 530.5, subdivision (a) can be reduced to misdemeanor shoplifting under

3

Proposition 47." (*Jimenez, supra*, 9 Cal.5th at p. 58.)  The Courts of Appeal were divided on the issue.  The Supreme Court resolved the conflict by holding that no such reduction can occur because "misuse of personal identifying information is not a 'theft' offense" under Proposition 47.  (*Jimenez*, at p. 71.)  *Jimenez* explains that although the crime is often referred to as "'identity theft,'" the statutory language does not include the term "theft" or contain the requirements central to a theft crime.  (*Id.* at p. 63.)

The Court emphasized that "[t]he new shoplifting offenses are ill suited to punish misuse of identifying information.  [Citations.]  The offenses are fundamentally different, and they reflect different legislative rationales. . . .  [U]nauthorized entries — of the sort still chargeable as burglary — present an increased danger of violence because the entry is unwelcome, unexpected, and results in panic and risk to personal safety.  [Citation.]  In enacting the shoplifting statute, 'the electorate signaled that these interests do not apply in the same way' during the day, when a person is stealing property worth $950 or less 'in a place where he or she has been invited to peruse the goods and services that are on offer.'"  (*Jimenez, supra*, 9 Cal.5th at p. 65, italics omitted.)  In contrast, section 530.5(a) "prohibits a person from 'acquiring, retaining, or using information, rather than taking it,' — itself a fair indicator that the Legislature was concerned with use, not theft.  [Citation.]  And on its face, it addresses harms reaching well beyond theft, implicating issues of privacy and control of personal data. [Citation.]"  (*Jimenez,* at p. 65.)

We are bound by our Supreme Court's precedent.  (*AutoEquity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455-456.)  Since Chi's three section 530.5(a) counts do not qualify as thefts, the trial court erred by dismissing those counts.  (See

*Jimenez, supra,* 9 Cal.5th at p. 71.)  Consequently, Chi is not entitled to the Proposition 47 relief granted by the trial court.

DISPOSITION

The trial court's order dismissing Chi's three section 530.5 (a) felony counts (counts 1-3) is reversed and the matter is remanded to the trial court for further proceedings in accordance with *Jimenez.*

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

5

Gilbert A. Romero, Judge
Superior Court County of Ventura
_____

Gregory D. Totten, District Attorney, Michelle J. Contois, for Plaintiff and Appellant.
Todd W. Howeth, Public Defender, William M. Quest, Senior Deputy Public Defender, for Defendant and Respondent.